IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

HENRY GONZALES AND TIM DESCHAMPS,

    Plaintiffs,

v.                                                       No. 1:22-cv-00525-WJ-SCY

NEW MEXICO DEPARTMENT OF HEALTH dba
NEW MEXICO BEHAVIORAL HEALTH
INSTITUTE, SUSIE ARCHULETA,
JEREMY GONZALES, RICHARD VIGIL,
HARRY HAWKINS, ALBERTA LUCERO,
and KIMBERLY VILLANUEVA

    Defendants.

## MEMORANDUM OPINION AND ORDER SEVERING PLAINTIFF HENRY GONZALES' AND PLAINTIFF TIM DESCHAMPS' CLAIMS

**THIS MATTER** is before this Court sua sponte. Under Fed. R. Civ. P. 21 and Fed. R. Civ. P. 42(b), the Court may sever this action to allow each Plaintiff to proceed separately.[1] The Court finds it appropriate to do so in this case because Plaintiff Gonzales' and Plaintiff Deschamps' claims are distinct, as are the underlying factual allegations. Accordingly, the Court **SEVERS** this action, and each Plaintiff must proceed separately.

## BACKGROUND

On January 7, 2022, Plaintiffs Henry Gonzales and Tim Deschamps filed a Complaint for Damages against Defendants[2] in the Fourth Judicial District Court for the County of San Miguel

---

[1] Fed. R. Civ. P. 21 states, "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party."
[2] Plaintiff Gonzales asserted claims against the New Mexico Behavioral Health Institute ("NMBHI"), Harry Hawkins, Alberta Lucero, and Kimberly Villanueva. **Doc. 1-1 at 3–4**. Plaintiff Deschamps asserted Claims against NMBHI, Susie Archuleta, Richard Vigil, and Jeremy Gonzales. **Doc. 1-1 at 4–5**. Fed. R. Civ. P. 41(b) permits the court to order separate trials of one or more claims.

1

in the State of New Mexico. **Doc. 1-1**. Defendants then removed the case to federal court on July 15, 2022. **Doc. 1**. On May 22, 2023, Defendant filed a Second Amended Complaint for Damages (**Doc. 30**).

On July 7, 2023, Defendants, NMBHI, Harry Hawkins, Alberta Lucero, and Kimberly Villanueva, moved for summary judgment on all Plaintiff Gonzales' claims. **Doc. 40**. Plaintiff Gonzales responded to Defendants' motion and agreed to dismiss all claims brought in his complaint except for his claims under the Family and Medical Leave Act ("FMLA"), the Americans with Disabilities Act ("ADA") and the New Mexico Human Rights Act ("NMHRA"). **Doc. 44 at 1**.

On September 11, 2023, Defendants, NMBHI, Susie Archuleta, Richard Vigil, and Jeremy Gonzales, also moved for summary judgment on all Plaintiff Deschamps' claims. **Doc. 59**. Plaintiff Deschamps responded to Defendants' motion and conceded that his § 1983 First Amendment claim fails under existing law. **Doc. 85 at 26**. Thus, Plaintiff Deschamps' remaining claims, at this stage, are (1) his § 1983 procedural due process claim, (2) his breach-of-contract claim, and (3) his New Mexico Whistleblower Protection Act ("NMWPA") claim. Significantly, Plaintiffs do not share a common cause of action.

## DISCUSSION

Under Rule 21, a district court has "broad discretion" to sever improperly joined parties. To determine whether a plaintiff is properly joined, courts look to Fed. R. Civ. P. 20(a)(1). This rule provides that plaintiffs are **properly** joined in one action if:

    (A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences: and

    (B) any question of law or fact common to all plaintiffs will arise in the action.

Plaintiffs are improperly joined if they fail to satisfy either of Rule 20(a)(1)'s requirements.

Here, Plaintiff Gonzales' and Plaintiff Deschamps' claims do not arise out of the same transaction or occurrence. While courts offer different iterations of what constitutes "the same transaction or occurrence," they all require, at the very least, some factual similarity between claims for them to arise out of the same transaction or occurrence. *See Visendi v. Bank of Am., N.A.*, 733 F.3d 863, 870 (9th Cir. 2013) (explaining that Rule 20(a)(1)(A) by its terms requires factual similarity in the allegations supporting Plaintiffs' claims); *Calderon v. State Farm Mut. Auto. Ins. Co.*, No. 23-CV-00405-NYW-STV, 2023 WL 6902965, at *2 (D. Colo. Sept. 7, 2023) (reasoning that the claims of the proposed additional plaintiffs were too factually distinct to arise out of the same transaction or occurrence).

Plaintiff Gonzales and Plaintiff Deschamps share no such factual similarity between their claims. This is because Plaintiffs' claims as well as their underlying factual allegations are separate and distinct.[3] In short, Plaintiff Gonzales' claims revolve around his disability, FMLA leave eligibility, and whether NMBHI and his supervisors accommodated his disability or interfered with his FMLA leave. In contrast, Plaintiff Deschamps' claims do not involve a disability or FMLA rights. Instead, his claims center on whether NMBHI and his supervisors reviewed his response to NMBHI's termination notice before deciding to terminate him, and whether NMBHI terminated him in part because he spoke out about patient misclassifications and staffing issues. Accordingly, Plaintiff Gonzales' claims are not contingent on any of the facts underlying Plaintiff Deschamps'

---

[3] Also of note, is the fact that Plaintiff Gonzales' and Plaintiff Deschamps' claims are so factually distinct that the Second Amended Complaint for Damages has separate factual backgrounds for each Plaintiff (**Doc. 30 at 12, 19**). *See Farrer v. Pebblekick, Inc.*, No. 2:21-CV-00111, 2022 WL 1004215, at *4 (D. Utah Apr. 4, 2022) (considering that plaintiffs had separate factual background sections in their complaint when determining whether their claims arose out of the same transaction or occurrence).

claims, and vice versa. Since no factual similarity exists between these claims, they do not arise out of the same transaction or occurrence.

While Plaintiffs may believe their claims arise out of the same transaction or occurrence because they were both terminated from NMBHI around similar times, these similarities are insufficient to establish that their claims arise out of the same transaction or occurrence.[4] This is particularly true considering that Plaintiffs did not work in the same unit, hold the same position, report to the same supervisors, and were terminated for different reasons based on different policies. *See Watson v. Blankinship*, 20 F.3d 383, 389 (10th Cir. 1994) (severing claims because, despite occurring during the same timeframe, they were not sufficiently related to be properly joined). For the same reasons explained above, Plaintiffs' claims also fail to present a common question of law or fact.

When determining whether severance is appropriate under Rule 21, courts also consider whether settlement or judicial economy would be promoted, whether prejudice would be averted by severance, and whether different witnesses and documentary proof are required for separate claims. *Safe Streets All. v. Alternative Holistic Healing, LLC*, No. 115CV00349REBCBS, 2015 WL 4245823, at *2 (D. Colo. July 14, 2015) (internal citation omitted). These considerations also support severing Plaintiff Gonzales' and Plaintiff Deschamps' claims because they are distinct claims, driven by unique motivations for settlement, supported by different evidence, and dependent on separate witnesses.

The Court also has the discretion to sever claims for separate trials "for convenience, to avoid prejudice, or to expedite and economize. Fed. R. Civ. P. 42(b). The Court finds that

---

[4] To the extent that Plaintiffs also believe their claims arise out of the same transaction or occurrence because they both, at some point, complained to NMBHI about staffing issues, the Court notes that Plaintiff Gonzales' claims alleging retaliation from such complaints have been dismissed. Thus, the staffing issues at NMBHI are not relevant to his case.

severance of the Plaintiffs' claims in this case is in the interests of convenience, will avoid prejudice, and will promote judicial economy.

## CONCLUSION

In sum, Plaintiffs' claims do not satisfy either of Rule 20(a)'s requirements as their claims involve separate and distinct law and facts. Consequently, Plaintiffs are **improperly** joined.[5] Also severance will promote the goals of Fed. R. Civ. P. 42(b). As a result, the Court **SEVERS** Plaintiff Gonzales' claims from Plaintiff Deschamps' claims pursuant to Rule 21 and Rule 42(b).

**IT IS HEREBY ORDERED** that Plaintiff Gonzales shall proceed as the sole plaintiff in case No. 1:22-cv-00525-WJ-SCY. The Clerk of the Court will open a separate civil action for Plaintiff Deschamps, with the assignment of the same judge as in this case and place a copy of the Second Amended Complaint for Damages (**Doc. 30**), filed on May 22, 2023, in the new action opened for Plaintiff Deschamps.

_____
WILLIAM P. JOHNSON
CHIEF UNITED STATES DISTRICT JUDGE

---

[5] *See Dahoui v. State*, No. 223CV00749JNPJCB, 2023 WL 8812931, at *5 (D. Utah Dec. 20, 2023) (finding that a plaintiff's claims were improperly joined because each claim involved separate incidents and different individuals); *Green v. Padilla*, 484 F. Supp. 3d 1098, 1151 (D.N.M. 2020) ("A district court may sever claims under rule 21 if the claims are discrete and separate, meaning that one claim's outcome does not affect the other's outcome.").