IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

HENRY GONZALES,

    Plaintiff,

vs.                                                                                    Civ. No. 22-525 WJ/SCY

NEW MEXICO DEPARTMENT OF HEALTH dba
NEW MEXICO BEHAVIORAL HEALTH
INSTITUTE et al.,

    Defendants.

## ORDER GRANTING IN PART AND
## DENYING IN PART MOTION TO COMPEL

Plaintiff alleges that, following a knee surgery, even though his doctor limited him to no

more than 48 hours of work a week, Defendants failed to offer him any reasonable

accommodations. Instead, they fired him for the stated reason that he failed to work a mandated

overtime shift 4 times in a 12-month period. Doc. 30. Presently before the Court is Plaintiff's

renewed motion to compel discovery. Doc. 108. For the reasons discussed below, the Court

grants in part and denies in part the motion to compel.

### FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff filed his operative Second Amended Complaint ("SAC") in this case on May 22,

2023, naming four defendants: New Mexico Department of Health d/b/a New Mexico

Behavioral Health Institute ("NMBHI"), H.C. Hawkins, Alberta Lucero, and Kimberly

Villanueva.[1] Doc. 30. The SAC brings six counts related to Plaintiff Gonzales: (1) breach of

---

[1] The SAC includes claims on behalf of Plaintiffs Henry Gonzales and Tim Deschamps, but the
Court has since severed Deschamps' claims. Doc. 92. The SAC names three other defendants
(Susie Archuleta, Jeremy Gonzales, and Richard Vigil), but makes clear those individuals are
only defendants in Deschamps' claims. Doc. 30 ¶¶ 6, 9 (grouping the defendants as the
"Gonzales Individual Defendants" and the "Deschamps Individual Defendants").

contract against the NMBHI; (2) Section 1983 against the individual Defendants; (3) violation of

the NMHRA against all Defendants; (4) violation of Title VII and the ADA against the NMBHI;

(5) FMLA interference against the NMBHI; and (6) FMLA retaliation against the NMBHI. *Id.* at

36-52.

After Plaintiff filed the SAC, Defendants moved for summary judgment on all claims.

Docs. 40, 41. While briefing the summary judgment motion, Plaintiff filed two motions to

compel supplemental discovery responses from the NMBHI. Doc. 42, 58. Defendants countered

with a cross-motion for protective order and a motion to stay discovery. Doc. 62. Because none

of the discovery Plaintiff sought in his motions to compel was relevant to the summary judgment

arguments and because resolution of the pending motion for summary judgment would affect the

pending discovery issues, the Court denied the motions to compel without prejudice and granted

the motion to stay (staying discovery pending resolution of the motion for summary judgment).

Doc. 90. Thereafter, the Court granted in part and denied in part the motion for summary

judgment, ruling as follows: it dismissed Plaintiff's claims for breach of contract, Section 1983,

and FMLA retaliation in line with Plaintiff's concession to dismiss those claims; it granted

summary judgment in Defendants' favor on the remaining FMLA claim; it denied summary

judgment as to the ADA and NMHRA claims. Doc. 93.

Thus, Plaintiff's only remaining claims in this case are those under the ADA and

NMHRA, which Plaintiff clarified in summary judgment briefing are failure to accommodate

claims. *See* Doc. 114 at 6. In seeking the present motion to compel, Plaintiff also describes the

premise of his failure to accommodate claims: Defendants forced him to work more than 48

hours per week despite his repeated requests, as an accommodation for his health condition, to

work fewer hours than this. Doc. 114 at 5. He asserts that Defendants had several options to

accommodate him; for instance, they could have kept him in the same position but limited him to

48-hours a week. *Id.* at 7. Alternatively, they could have transferred him to a less-demanding

position. *Id.* Instead of negotiating an accommodation, however, Plaintiff asserts that Defendants

repeatedly disciplined him, up through his termination. *Id.* at 6.

Following the summary judgment order, the Court reset discovery deadlines, Doc. 98,

and the NMBHI supplemented its discovery responses, Doc. 108-3. At the parties' request, on

May 7, 2024, the Court entered a Stipulated Confidentiality Order. Doc. 107. That same day,

Plaintiff filed the present "Renewed Motion to Compel Supplemental Answers and Responses

from NMDOH d/b/a NMBHI Defendant Pursuant [to] Plaintiff Gonzales' First and Second Sets

of Written Discovery and for Entry of the Attached Protective Order Agreed to by the Parties."

Doc. 108; *see also* Doc. 110 (response); Doc. 114 (reply); Doc. 117 (supplemental letter from

Plaintiff). That motion is fully briefed and ready for a decision.

### DISCOVERY STANDARD

Federal Rule of Civil Procedure 26(b)(1) permits parties to

obtain discovery regarding any nonprivileged matter that is relevant to any party's
claim or defense and proportional to the needs of the case, considering the
importance of the issues at stake in the action, the amount in controversy, the
parties' relative access to relevant information, the parties' resources, the
importance of the discovery in resolving the issues, and whether the burden or
expense of the proposed discovery outweighs its likely benefit. Information
within this scope of discovery need not be admissible in evidence to be
discoverable.

Discovery relevance is "to be construed broadly to encompass any matter that bears on, or that

reasonably could lead to other matter that could bear on any party's claim or defense." *Kennicott*

*v. Sandia Corp.*, 327 F.R.D. 454, 469 (D.N.M. 2018) (internal quotation and citation omitted).

The Tenth Circuit has "pointed out that discovery in discrimination cases should not be narrowly

circumscribed." *Gomez v. Martin Marietta Corp.*, 50 F.3d 1511, 1520 (10th Cir. 1995) (internal

citation omitted). "However, this desire to allow broad discovery is not without limits and the trial court is given wide discretion in balancing the needs and rights of both plaintiff and defendant." *Id.* (internal quotation marks and citation omitted).

### DISCUSSION

Before turning to the individual discovery requests at issue, the Court addresses a few matters. First, Plaintiff asserts that "[t]he Motion to Compel is quite unusual in its timing, as it will be filed on May 7, 2024, and on May 6, 2024 (yesterday), all parties' counsel agreed on a form of Stipulated Motion for Protective Order, and Qualified Protective Order, which have now been filed—with the resulting Order being entered today, May 7, 2024." Doc. 108 at 1-2. Thus, Plaintiff points out that some issues in his motion to compel may be resolved by the entry of the protective order. *Id.* at 2. Indeed, part of Plaintiff's motion is a request for entry of a protective order, which is now moot given that the Court entered a stipulated protective order the day before Plaintiff filed the present motion. *Id.* at 15-19. Further, Plaintiff states in his reply brief that, the day before filing the reply, he received a supplementation from the NMBHI that he would not examine before filing the reply and would instead advise the Court, after the completion of briefing on the motion to compel, if any issues are resolved by the supplementation. Doc. 114 at 5 n.1; *see also* Doc. 117 (letter from Plaintiff indicating which discovery disputes were resolved by the supplementation).

The Court recognizes that Plaintiff had a May 7 deadline to file the present motion to compel, Doc. 100, but will take this opportunity to remind both sides that it is generally very liberal in granting extensions of time for a motion to compel deadline while the parties are actively engaged in communications to resolve the dispute. *See* Doc. 26 at 1 n.1 (Scheduling Order, providing that "[t]he Court expects the parties to liberally agree to extend this deadline when the parties are actively engaged in communication to resolve the dispute"). Rather than

brief issues that are in the process of being resolved, the Court prefers that the parties seek

extensions of the motion to compel deadline or associated briefing deadlines pending completion

of the conferral process.

Related to the parties' efforts to meet and confer, although the parties extensively

conferred before Plaintiff filed the present motion, the NMBHI asserts that Plaintiff did not

confer on three specific discovery requests he then included in the motion to compel:

Interrogatory No. 11 and Requests for Production No. 7 and 11. Having reviewed the conferral

exhibits attached by both parties, the Court agrees with the NMBHI that Plaintiff did not mention

the alleged deficiencies in these discovery responses to the defense before including them in the

motion. *See* Doc. 108-3, Doc. 110 at 19-23*; see also* Doc. 114 at 23 (Plaintiff's reply brief,

acknowledging that Plaintiff's counsel "did not mention Interrogatory No. 11, nor Requests for

Production Nos. 7 and 11 in the good faith letters following the stay").

As the Court has previously advised the parties, it "will not entertain any motion to

resolve a discovery dispute . . . unless the attorney for the moving party has conferred or had

made reasonable effort to confer with opposing counsel concerning the matter in dispute prior to

the filing of the motion. Doc. 10 at 2 n1; *see also* D.N.M. LR-Civ. 7.1(a) ("Movant must

determine whether a motion is opposed, and a motion that omits recitation of a good-faith

request for concurrence may be summarily denied."). In reply, Plaintiff argues that the NMBHI

has had "overwhelming opportunities to supplement its discovery responses." Doc. 114 at 4.

Having time to supplement, however, is not the same as being on notice the Plaintiff believes

supplements are required. Because Plaintiff did not confer on Interrogatory No. 11 and Requests

for Production No. 7 and 11 and did not seek an extension of time to confer on these issues, the

parties did not have a chance to resolve these disputes prior to the filing of the motion. As such,

the Court denies the motion to compel as to those discovery requests.

The next issue involves the individual Defendants (Hawkins, Villanueva, and Lucero).

The NMBHI asserts that they have been dismissed from the case by the Court's summary

judgment ruling, Doc. 110 n.1, whereas Plaintiff argues they have not been dismissed, Doc. 114

at 15-16.[2] The dispute over whether the individual Defendants have been dismissed likely stems

from language in Plaintiff's SAC that is in tension with language in the Court's February 29,

2024 summary judgment order. In the summary judgment order, the Court denied summary

judgment as to Plaintiff's claims under the NMHRA. Doc. 93 at 6-9. In so doing, in a footnote,

the Court stated, "Plaintiff only asserts ADA and NMHRA claims against Defendant NMBHI."

Doc. 93 at 6 n.3. Looking to the NMHRA claim in Plaintiff's SAC, Plaintiff does not specifically

delineate what he claims each Defendant did. Instead, he collectively refers to the individuals

against whom he alleges wrongdoing as "Defendants".[3] Nonetheless, in the heading to his

NMHRA claim, Plaintiff does explicitly state that he is bringing his NMHRA claims (Plaintiff's

fifth cause of action) "**Against All Gonzales Defendants**". *Id*. at 44 (emphasis in original).

For purposes of the present motion, the Court need not resolve whether Plaintiff's

heading is sufficient to bring NMHRA claims against the individual Defendants or whether the

Court's footnote is tantamount to a judgment regarding any NMHRA claims Plaintiff is deemed

---

[2] Confusingly, at another place in his briefing, Plaintiff also asserts that "the Court has dismissed Plaintiff's Complaint as to the three individual defendants - H.C. Hawkins, Alberta Lucero, and Kimberley Villanueva," and acknowledges that the individual defendants "are no longer parties to this case." Doc. 108 at 19.

[3] At one point in his NMHRA claim, Plaintiff specifically refers to Defendant Gonzales. Doc. 30 at 45 ("The impairment precluded Defendant Gonzales from completing all his job responsibilities."). However, this appears to be a typographical error, as the ability of Plaintiff Gonzales, not Defendant Gonzales, to complete all his job responsibilities is at issue.

to have brought against the individual Defendants. Because a question exists as to whether

Plaintiff has viable NMHRA claims against the individual Defendants, and because assuming

Plaintiff has NMHRA claims against the individual Defendants will not significantly increase the

breadth of discovery, the Court assumes, without deciding, that Plaintiff has NMHRA claims

against the individual Defendants.[4]

Turning to the merits of the motion to compel, in the opening paragraph of his motion,

Plaintiff states that he is seeking further supplementations to Interrogatories No. 5, 7, 8, and 11

and Requests for Production Nos. 2, 3, 5, 6, 8, 11, 12, 13, 15, 16, 17, and 24.[5] In his briefing,

however, Plaintiff does not further discuss Interrogatories No. 7 and 8 or Request for Production

No. 16. To the extent Plaintiff intends to move to compel further responses to those discovery

questions, the Court denies such a request as insufficiently briefed. *See Phillips v. Calhoun*, 956

F.2d 949, 953–54 (10th Cir. 1992) ("A litigant who fails to press a point by supporting it with

pertinent authority, or by showing why it is sound despite a lack of supporting authority or in the

face of contrary authority, forfeits the point.") (quoting *Pelfresne v. Village of Williams Bay,* 917

F.2d 1017, 1023 (7th Cir. 1990)).

Plaintiff also generally states that "[t]here are many unannounced redactions of employee

names from produced documents" and that "[a]ll such redactions should be removed following

the Court's entry of the Agree-To Protective Order." Doc. 108 at 16. Plaintiff does not identify

any specific discovery requests in connection with this statement. Indeed, in his reply, Plaintiff

---

[4] No ambiguity exists regarding the ADA claims, as for those claims, Plaintiff explicitly states in his SAC that he is bringing his ADA claims "**Against Defendant DOH dba NMBHI only**". Doc. 30 at 46 (emphasis in original).

[5] After the parties finished briefing the motion, Plaintiff advised the Court that "no issues remain for resolution by the Court relevant to Defendant's Response to Request for Production 15." Doc. 117.

acknowledges that he "did not believe it was necessary for the Court or for Defendant to specify

the Bates Numbers for the redactions precisely because the Supplementation was regularly and

continuously redacted of all identifying information of any kind." Doc. 114 at 22-23. Without

knowing which discovery requests Plaintiff believes contain improper redactions, the Court is

unable to address those requests or evaluate whether specific discovery responses are inadequate.

The Court thus denies Plaintiff's general request that the NMBHI remove redactions from its

discovery requests.

 The Court will address the remaining alleged deficient discovery responses in turn.

1.   Interrogatory No. 5

Interrogatory No. 5 asks the NMBHI to "[p]lease state whether you, your attorney, your

insurance company or other attorney fee provider, or anyone acting on your or their behalf, has

obtained any statements in any form from any person with regard to any of the events or

occurrences referred to in the Complaint or in the Answer to that complaint," and if so, identify

information about the statement or attach it. Doc. 108-1 at 4-5. In response, the NMBHI lodged

several objections, including vagueness and attorney-client privilege, but then produced the

"NMBHI's written documentation concerning Plaintiff's job performance as documented in his

employment file." *Id.* at 5. That is, it produced documents about Plaintiff's performance from his

personnel file, statements included in the response to the Charge of Discrimination, and

affidavits in support of the recent summary judgment motion. Doc. 110 at 19-20.

In its response brief, the NMBHI explains that, during the meet and confer process, it

tried to seek a clarification as to what further statements Plaintiff seeks because, in its view, the

NMBHI "is unaware of what other 'statements' might be responsive to this request." Doc. 110 at

19-20. Plaintiff responded to that request for clarification by stating that "[i]f we can reach

agreement on all other discovery devices, I will drop this one." Doc. 108-3 at 14. In briefing the

present motion, Plaintiff again does not explain what further information he seeks, but

incorrectly asserts that "[n]o Statements were identified in the Answer, and if none are available

the Answer should state that." Doc. 108 at 7 (capitalization in original); *see also* Doc. 114 at 16-

17 (reply, making the same assertion); Doc. 108-1 at 5 (the NMBHI's response to Interrogatory

No. 6, identifying and producing statements). Because neither Plaintiff's interrogatory nor

Plaintiff's briefing elucidates what further information Plaintiff seeks, there is nothing for the

Court to compel Defendant NMBHI to provide. Accordingly, the Court denies Plaintiff's motion

to compel as to Interrogatory No. 5.

2. Request for Production No. 2

Request for Production No. 2 seeks the complete personnel or employment files of

Plaintiff and of the three individual Defendants (Plaintiff's supervisors). Doc. 10-1 at 11. The

NMBHI objected to providing the supervisors' employment files but produced Plaintiff's

employment file. *Id.* In his motion, Plaintiff argues that he made accommodation requests to his

supervisors and because each is alleged to have engaged in discrimination, he is entitled to their

employment files. Missing from Plaintiff's argument, however, is any explanation of how his

supervisors' employment files could lead to relevant information on his claim for failure to

accommodate. Additionally, at no point has Plaintiff attempted to narrow this overly broad

request.

Plaintiff cites a number of District of Kansas cases, which generally hold that if an

"individual is alleged to have engaged in the discrimination or harassment at issue or played an

important role in the employment decision or incident that gives rise to the lawsuit, the personnel

file will be considered relevant and/or reasonably calculated to lead to the discovery of

admissible evidence, and therefore discoverable." *McCoo v. Denny's Inc.*, 192 F.R.D. 675, 687

(D. Kan. 2000); *see also Fox-Martin v. H.J. Heinz Operations*, No. 02-4121-JAR, 2003 WL

23139105, at \*1 (D. Kan. Dec. 19, 2003). The Court rejects the notion that anytime a plaintiff

alleges his supervisors engaged in discrimination, the plaintiff is automatically entitled to

everything in the supervisors' employment files, regardless of whether such information relates

to the plaintiff's claims. Instead, a plaintiff must show that that the employment files could lead

to relevant information regarding his failure to accommodate claim, as required under Rule

26(b)(1). *See Regan-Touhy v. Walgreen Co.*, 526 F.3d 641, 648–49 (10th Cir. 2008)

("[P]ersonnel files often contain sensitive personal information . . . and it is not unreasonable to

be cautious about ordering their entire contents disclosed willy-nilly. Indeed, the Supreme Court

has underscored that 'the requirement of Rule 26(b)(1) that the material sought in discovery be

relevant should be firmly applied, and the district courts should not neglect their power to restrict

discovery [to protect] a party or person from annoyance, embarrassment, [or] oppression.'"

(quoting *Herbert v. Lando,* 441 U.S. 153, 177 (1979)).

One way a plaintiff can meet this burden is to ask for specific information related to the

plaintiff's claim rather than asking for all information, regardless of whether it is sensitive or

relevant. Here, Plaintiff's sweeping request threatens to pick up irrelevant and sensitive personal

information as well as discoverable information. Such a broad request will not do. Therefore, the

Court denies Plaintiff's motion to compel as to Request for Production No. 2.

3. Request for Production No. 3

Request for Production No. 3 seeks "copies of any and all documents, specifically

including text books, seminar workbooks, hand-outs, sign-in or attendance sheets, or any other

materials related to any training the Plaintiff and his supervisors, then-Deputy Hospital

Administrator HC Hawkins, Admissions Director Alberta Lucero, and FMLA Administrator Kimberly Villanueva, received ever related to their activities with you, the Defendant DOH dba NMBHI, during calendar years 2017 to the present." Doc. 108-1 at 11. The NMBHI objected, asserting the request seeks irrelevant information, and that it is overbroad and unreasonably burdensome. *Id.* at 12.

In his motion, Plaintiff explains that "[t]he trainings are relevant to show knowledge and notice of particular tenants or practices relevant to employment discrimination, taught during the trainings to the specific NMBHI employees." Doc. 108 at 20. Plaintiff's request, however, seeks far more information than what he alleges is relevant. That is, Plaintiff does not limit his request to training material related to the ADA or offering accommodations. Instead, Plaintiff's request could encompass everything from trainings on payroll to trainings on medical charts, for example. The Court finds this request overbroad; it would capture too much irrelevant information. Plaintiff has not attempted to narrow the request and the Court will not do it for him. *See Regan-Touhy v. Walgreen Co.*, 526 F.3d 641, 649 (10th Cir. 2008) (finding that a more "narrowly targeted request" may have led to the court compelling a response, but that "the district court had to assess the discovery request [the plaintiff] put before it for decision"). The Court denies the motion to compel as to Request for Production No. 3.

4. Request for Production No. 5

Request for Production No. 5 seeks all complaints, letters, emails, or other documents which concern allegations against the individual Defendants regarding discrimination, retaliation, bad faith termination, and failure to honor statutory provisions of employment rights through the ADA, FMLA, Title VII, or the NMHRA. Doc. 108-1 at 12. Although the request does not include a time limitation, the NMBHI explains that Plaintiff has agreed to limit this

11

request to 2019 through 2021. Doc. 110 at 12. The NMBHI objected to this request as vague, overbroad, not proportional, irrelevant, and unreasonably intrusive, but pointed Plaintiff to its response to Interrogatory No. 8, where it provided information as to lawsuits and administrative actions against it for discrimination, civil rights violations, and FMLA retaliation or interference. Doc. 108-1 at 7-9. Finding this answer insufficient, Plaintiff moves to compel a complete response. In his motion, Plaintiff asserts that his request is relevant because it is related "to the specific statutes alleged violated herein." Doc. 108 at 21. This argument, however, fails to acknowledge that the only remaining claims in the case are those arising under the ADA and the NMHRA for failure to accommodate. The request, however, continues to seek information regarding statutes which are no longer at issue in this case.

Even so, Plaintiff argues that dismissal of the FMLA claim does "not render all FMLA actions irrelevant to claims of disability discrimination." Doc. 114 at 15. He argues that because the FMLA requires the establishment of a "serious medical condition" and disability discrimination cases require the employee to be "disabled," "Defendants failure to comply with the requirements of the FMLA are also sources of potential ADA discrimination against the disabled, as they each rely on illegal treatment of persons with physical (here) infirmities." Doc. 114 at 15. In other words, Plaintiff is arguing that because both FMLA claims and ADA/NMHRA claims involve a medical condition, actions Defendants took could qualify as both an FMLA claim and a disability discrimination claim such that Plaintiff is allowed to seek discovery related to his now-dismissed FMLA claim. The Court finds a reasonable possibility exists that the information Plaintiff requests regarding FMLA claims could lead to the discovery of admissible evidence. As such, the Court grants the motion to compel as to Request for Production No. 5.

5.  Request for Production No. 6

Request for Production No. 6 asks the NMBHI to

Please produce a complete copy of all policy books, manuals, orientation materials, or other policies in free-standing form, specifically including any administrative or procedures guides for any of the Human Resources Department employees like Defendant Villanueva, as well as the employee forms and hand-outs in use at Defendant DOH dba NMBHI during calendar years 2017 through 2022.

Doc. 108-1 at 13. In response, the NMBHI lodged objections such as irrelevant and not proportional to the needs of the case. *Id.* Without waiving those objections, it produced polices related "[t]o the issues in the present case." *Id.* Unsatisfied, Plaintiff moves to compel production of all NMBHI "policies that governed the workplace." Doc. 108 at 8.

In his motion, Plaintiff argues that "[t]hese policies are all part of the contractual relationship NMBHI has with its employees, are – at a minimum – potentially terms of that contract." [Sic] Doc. 108 at 8. However, the breach of contract claim has been dismissed from this action and so this argument fails to supply relevancy.

Next, Plaintiff concedes that the NMBHI has produced relevant policies such as the American with Disabilities Act Policy and the Reasonable Accommodation Policy, but he argues that none of the produced policies "have any instruction for any NMBHI employees describing or pertaining to what kinds and types of statement may trigger an employer's duty to hold a reasonable accommodation negotiation." Doc. 108 at 8; *see also* Doc. 114 at 13 (Plaintiff's reply, arguing that already-produced Americans with Disabilities Act policy "never mentions in any way, shape or form that reasonable accommodation is not a 'magic word' doctrine"). Simply because the relevant policies do not include the information Plaintiff thinks they should include, however, is an insufficient reason to justify production of irrelevant policies. Plaintiff acknowledges that "because no production has been made of any policy evidencing any

13

obligation for NMBHI to response to requests for accommodations from third-parties . . .

Plaintiff assumes no such policy is in existence." Doc. 108 at 10. The Court agrees that, if

NMBHI possessed policies Plaintiff believes it should possess related to reasonable

accommodations (such as reasonable accommodation is not a "magic word" doctrine), such

policies would be relevant and discoverable. Because NMBHI has not produced any such

policies, the Court also assumes they do not exist. Indeed, the NMBHI stated that it produced the

policies relevant to the issues in the case. *See* Doc. 108-1 at 13.

Beyond the above-described information, which the Court agrees is relevant, Plaintiff's

request is overly broad. Literally read, Plaintiff seeks all policies and materials in use at NMBHI

for the period from 2017 to 2022. Thus, information that has nothing to do with Plaintiff's

claims, such as training materials on payroll policies or medical chart policies, would be

responsive to Plaintiff's sweeping request. Plaintiff has not established that the NMBHI is

withholding relevant policies and materials in use during the relevant time period. As a result,

the Court denies Plaintiff's motion to compel additional materials related to Request for

Production No. 6.[6]

6. Request for Production No. 8

Request for Production No. 8 asks the NMBHI to

Please produce copies of any documents related to or comprising the discharge, demotion or suspension of any and all Defendant DOH dba NMBHI employees assigned to work in the Tesuque Unit initiated during 2017 to the present, specifically including any discipline or warning notices, any investigative documents, any documents complaining of or contesting the demotion, suspension or discharge, and any letters or memos recording and/or explaining the

---

[6] The Court discusses below Plaintiff's argument that NMBHI has not produced any policies regarding "any and all benefits Plaintiff Gonzales was earning at the time of his termination," which will "aid [his] expert economist in valuing the benefits Plaintiff lost due to his termination." Doc. 108 at 11. This same issue is briefed in more detail with Request for Production No. 12, and so analysis of this issue fits more naturally below.

discharge, demotion or suspension and the steps or efforts made to justify the decision.

Doc. 108-1 at 14. The NMBHI objected to this request as irrelevant, overbroad, not proportional to the needs of the case, and unreasonably intrusive. *Id.*

In his motion, Plaintiff explains that this request is relevant because he "is attempting to review all terminations or suspensions in his work unit to see how many related disabled employees and their inability to secure safe FMLA or their requests for reasonable accommodation negotiation." [Sic] Doc. 108- at 22-23. Although the Court agrees that comparator data may be relevant (i.e., how the NMBHI treated other employees who requested a similar accommodation), this request for production is overbroad and will capture large amounts of irrelevant information.[7] By requesting all information about any employee discharge, suspension, or demotion for any reason, Plaintiff casts a wide net that threatens to capture more relevant than irrelevant information. Granting Plaintiff's motion would essentially require the NMBHI to produce all records related to any discipline of any employee at the Tesuque Unit for any reason. This would include records related to tardiness, insubordination, substance abuse, work performance, misconduct, and a long list of other reasons an employee could be disciplined that have nothing to do with Plaintiff's claims. Because Plaintiff has made no attempt to narrow this request, the Court denies his motion to compel as to Request for Production No. 8. *See Regan-Touhy*, 526 F.3d at 649 (citing the Manual for Complex Litigation § 11.443, at 75 for the proposition that courts are encouraged "forbid sweeping requests" and to "direct counsel to frame requests for production of the fewest documents possible").

---

[7] Additionally, Plaintiff's FMLA claim has been dismissed and Plaintiff fails to explain how FMLA data is still relevant.

7. <u>Request for Production No. 12</u>

Request for Production No. 12 seeks

Any and all documentation of all compensation, including benefits, of Plaintiff Gonzales for the period January 1, 2017 through February, 2021, including specifically, but not limited, to his time records, each paycheck's records, his benefits records, any choices Mr. Gonzales needed to make about benefit selection, the calculation of his sick, FMLA, vacation and other leave balances and usages, and each and every change to the rates of compensation for Mr. Gonzales during the same years.

Doc. 108-1 at 15. The NMBHI lodged various objections, such as vague, overbroad, and not proportional to the needs of the case, but also produced "responsive documents contained in Plaintiff Gonzales' employment files and the time records . . . and payroll records . . . from the period requested." *Id.* In the motion, Plaintiff clarifies that he is still seeking "benefit materials" found in the NMBHI employee handbook, as discussed with Request for Production No. 6. Specifically, Plaintiff seeks any policies regarding "any and all benefits Plaintiff Gonzales was earning at the time of his termination," which will "aid [his] expert economist in valuing the benefits Plaintiff lost due to his termination." Doc. 108 at 11.

In response, the NMBHI argues it has already produced complete payroll records, which include calculations of leave balance benefits. Even so, the Court finds that Plaintiff's narrowed request for policies regarding any and all benefits Plaintiff Gonzales was earning at the time of his termination is relevant to his claim for damages and would not be unduly burdensome for the NMBHI to produce.

The NMBHI also argues that a response to this request is unnecessary because Plaintiff's expert has already submitted his expert report. Indeed, the expert disclosure deadlines have already expired. *See* Doc. 99 at 2. Plaintiff, for his part, argues that "[t]he August 2, 2023 delivery of Dr. McDonald's Expert Report did not end Dr. McDonald's ability to supplement his

Report." Doc. 114 at 16. The Court will not, at this time, opine on whether a supplemental expert report would be timely, as such an issue is not before the Court. Instead, because the Court finds that Plaintiff's narrowed Request for Production No. 12 is relevant, the Court grants the motion to compel as to this request.

8. Request for Production No. 13

Request for Production No. 13 asks the NMBHI to produce "all emails, correspondence, memorandum or letter between or including any two members or more of" Plaintiff and the three individual Defendants, sent between March 1, 2020 and March 1, 2021. Doc. 108-1 at 15-16. The NMBHI objected to this request as overbroad, irrelevant, not proportional to the needs of the case, and unreasonably intrusive on the privacy rights of non-parties. *Id.* at 16.

Plaintiff explains that this information is relevant "to secure any and all emails amongst Plaintiff and Plaintiff's supervisors related to his discipline and termination, while explicitly and repeatedly requesting the specified accommodation negotiation." Doc. 108 at 12. As with many of Plaintiff's other requests, this one is overly broad and would capture large amounts of irrelevant information. As written, this request would require production of any emails between then-Deputy Hospital Administrator HC Hawkins, Admission Director Alberta Lucero, or FMLA Administrator Kimberly Villanueva, even if they have nothing to do with Plaintiff and were, for example, about a patient or another employee.

Indeed, instead of narrowing the request, Plaintiff acknowledges that it is overbroad, stating that "the Request for Production is over-inclusive, certainly, with regards to some of the emails, but this saves Defendant NMBHI any work in sorting through the emails." *Id.* at 12. Saving the NMBHI work, especially when the NMBHI could simply use key words such as Plaintiff's name to search for relevant communications, is not a sufficient reason to justify

Plaintiff's overbroad request. The Court denies the motion as to Request for Production No. 13.

*See Regan-Touhy*, 526 F.3d at 649 (upholding a district court finding that a request is overbroad when the request "cast a much wider net, encompassing much information irrelevant to that stated purpose").

    9. Request for Production No. 17

    Request for Production No. 17 seeks "the digital timeclock records and pay records of each Psychiatric Technician, Psychiatric Technician-Advanced and Psychiatric Technician Supervisor-position employee of the Tesuque Unit of the Defendant DOH dba NMBHI between January 2020 and June 2021." Doc. 108-1 at 18. The NMBHI objected to this request as irrelevant, not proportional to the needs of the case, and unreasonably intrusive. *Id.* Notwithstanding this objection, the NMBHI produced timeclock records. *Id.*

    In his motion, Plaintiff argues that, although the NMBHI produced the timeclock records, it redacted names and Plaintiff needs the employee names so that it can question them about "the arrangements producing these comparatively reduced hours for other Tesuque Unit employees." Doc. 108 at 22. In a supplemental letter, Plaintiff states that "[a]ll identities relevant to Defendant's Response to Request for Production 17 have now been disclosed." Doc. 117. Plaintiff, however, still seeks documents regarding the other employees' compensation. *Id.* The two remaining claims in this case are for failure to accommodate under the ADA and NMHRA. It is unclear to the Court, and Plaintiff offers no explanation, as to how other employees' compensation is relevant to his claim for failure to accommodate. Accordingly, the Court denies the motion to compel as to Request for Production No. 17.

10. <u>Requests for Production No. 24 & 25</u>

Request for Production No. 24 seeks "all job listings published anywhere at any time between June 1, 2020 and March 30, 2021 for open positions at NMBHI with a starting pay rate of $22.00 per hour or less, excluding any listings for Psych Tech or Psych Tech Supervisor positions." Doc. 108-2 at 2. Relatedly, Request for Production No. 25 asks the NMBHI to "produce all 2020-2021 job descriptions for the open positions identified as responsive to Request for Production 24." *Id.* at 3. In response to Request for Production No. 24, after lodging various objections such as relevance and not proportional to the needs of the case, the NMBHI explained that

> The SHARE system used by NMBHI and the State Personnel Office only maintains the past 300 job postings. NMBHI posts an average of 40 positions per month. Although NMBHI does not have the job postings from June 1, 2020 to March 30, 2021, it has been able to determine the new hires it made during this time period that meets this criteria.

*Id.* at 2. In response to Request for Production No. 25, the NMBHI produced "the job descriptions for the positions identified in response to RFP No. 24." *Id.* at 3. Despite this explanation, Plaintiff requests that the NMBHI "continue to attempt to recover the relevant information." Doc. 108 at 14. Because the NMBHI has represented that it "no longer has the 'job listings' requested," Doc. 110 at 8, there is nothing for the Court to order and so the Court denies the motion to compel as to Requests for Production No. 24 and 25.[8]

---

[8] Plaintiff asserts that the NMBHI's failure to preserve the records of job listings "gives rise to a potential Spoliation of Evidence claim." Doc. 108 at 13-14. As the issue of spoliation is not fully briefed and treated only as a collateral issue in moving to compel discovery, the Court makes no finding in the present motion as to spoliation.

**CONCLUSION**

For these reasons, the Court GRANTS IN PART AND DENIES IN PART "Plaintiff Henry Gonzales' Renewed Motion to Compel Supplemental Answers and Responses from NMDOH d/b/a NMBHI Pursuant [to] Plaintiff Gonzales' First and Second Sets of Written Discovery and for Entry of the Attached Protective Order Agreed to by the Parties" (Doc. 108). Within 30 days of the entry of this Order, Defendant NMBHI shall respond to the following discovery questions:

- Request for Production No. 5: fully respond to this request, limited to the time-frame of 2019 through 2021;

- Request for Production No. 12: produce any policies regarding any and all benefits Plaintiff Gonzales was earning at the time of his termination.

Lastly, because the Court grants in part and denies in part the motion, it declines to award fees to either party. *See* Fed. R. Civ. P. 37(a)(5)(C).

_____
Steven C. Yarbrough
United States Magistrate Judge