IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

HENRY GONZALES,

    Plaintiff,

vs.                                                    No. 1:22-cv-525-WJ-SCY

NEW MEXICO DEPARTMENT OF HEALTH,
d/b/a NEW MEXICO BEHAVIORAL HEALTH INSTITUTE,
a state governmental agency and
H.C. HAWKINS, Deputy Hospital Administrator,
ALBERTA LUCERO, Admissions Director and
KIMBERLY VILLANUEVA, FMLA Administrator,
each in their individual capacity,

    Defendants.

**MEMORANDUM OPINION AND
ORDER DENYING MOTION FOR SUMMARY JUDGMENT**

**THIS MATTER** is before the Court under Fed. R. Civ. P. 56 on Defendants' Motion for Summary Judgment **[Doc. 130]** and Memorandum in Support **[Doc. 131]**, Plaintiff's sealed Response in opposition **[Doc. 135]** and redacted, public version of the Response **[Doc. 137],** and the Defendants' Reply in support of their Motion for Summary Judgment **[Doc. 143].** Defendants seek summary judgment on Plaintiff's two final remaining claims in this case, Count V for failure to accommodate in violation of the Americans with Disabilities Act (ADA) and Count VI for failure to accommodate under the New Mexico Human Rights Act (NMHRA). The Court finds that genuine issues of material fact preclude summary judgment on Courts V and VI and denies the Motion for Summary Judgment.

**SUMMARY JUDGMENT STANDARD**

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P.

1

56(a). "A disputed fact is 'material' if it might affect the outcome of the suit under the governing law, and the dispute is 'genuine' if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Est. of Beauford v. Mesa Cnty., Colorado*, 35 F.4th 1248, 1261 (10th Cir. 2022) (citation omitted). "The summary judgment standard requires [the Court] to construe the facts in the light most favorable to the nonmovant and to draw all reasonable inferences in its favor." *Id.*

Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact. *Munoz v. St. Mary Kirwan Hosp.*, 221 F.3d 1160, 1164 (10th Cir. 2000). When applying this standard, the court examines the record and makes all reasonable inferences in the light most favorable to the non-moving party. *Id*. The movant bears the initial burden of establishing that no genuine issue exists as to any material fact. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). A court cannot weigh the evidence and determine the truth of the matter. There is no genuine issue for trial only where the record as a whole could not lead a rational trier of fact to find for the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

## ANALYSIS

Defendants, first, seek summary judgment on Count V for failure to accommodate in violation of the ADA. **[Doc. 130, 131].** To establish a prima facie case of failure to accommodate, a plaintiff must make an initial showing that: (1) they are "disabled"; (2) they are "otherwise qualified"; and (3) that they requested a "plausibly reasonable accommodation." *Herrmann v. Salt Lake City Corp.*, 21 F.4th 666, 674 (10th Cir. 2021). "If a plaintiff makes a prima facie case, the burden shifts to the defendant to present evidence either (1) conclusively rebutting one or more elements of plaintiff's prima facie case or (2) establishing an affirmative defense." Id. (internal quotation and citations omitted). The ADA prohibits discrimination in employment against "a

2

qualified individual on the basis of disability." 42 U.S.C. § 12112(a). A "qualified individual" is "an individual who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires." 42 U.S.C. § 12111(8).

Second, Defendants seek summary judgment on Plaintiff's state law claim in Count VI for failure to accommodate under the NMHRA. **[Doc. 130, 131].** The same analysis applied to the ADA applies to the NMHRA. The New Mexico Supreme Court has instructed that in interpreting the NMHRA, "it is appropriate to rely upon federal adjudication for guidance in analyzing a claim under the Act." *Trujillo v. N. Rio Arriba Elec. Coop., Inc.*, 2002-NMSC-004, ¶ 8, 131 N.M. 607, 41 P.3d 333.

In moving for summary judgment on Counts V and VI, Defendants primarily argue that (1) Plaintiff has failed to establish that he is a "qualified individual" and (2) that Plaintiff cannot show that he requested a plausible accommodation.[1]  **[Doc. 131 at 10-15].**  The Court concludes, however, that construing the facts and inferences in favor of Plaintiff, genuine issues of material fact exist on both the issue of whether Plaintiff is a qualified individual and whether Plaintiff requested a plausible accommodation. *Munoz*, 221 F.3d at 1164.   Those genuine issues of material fact preclude summary judgment.

First, in order to be a qualified individual for purposes of the ADA and NMHRA, Plaintiff must be "an individual who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires." 42 U.S.C. § 12111(8).

---

[1] Defendants also made an additional argument that Plaintiff failed to exhaust administrative remedies as to ADA claims arising more than 300 days prior to October 21, 2020. **[Doc. 131 at 9]**. Plaintiff did not respond to the argument and Defendant did not mention the issue in the reply.  It does not appear to the Court that any such claims are made, but if the Court's understanding is incorrect, Defendants may file a renewed motion for summary judgment on that ground.

Plaintiff worked as a Psych Tech Supervisor at New Mexico Behavioral Health Institute (NMBHI). The parties appear to agree that working overtime was an essential function of the Psych Tech Supervisor job. **[Doc. 131 at 11; Doc. 135 at 6; Doc. 143 at 1-2].** However, the record is replete with conflicting evidence as to the terms and requirements of the overtime work function and whether Plaintiff was able to meet those terms and requirements with or without accommodation.

The record shows conflicting evidence that Plaintiff was able to work some overtime in excess of a 40-hour week. **[Doc. 131-2 at 9, 10, 12, 13, 14, 21 (indicating that Plaintiff may work 48 hours per week/one overtime shift of 8 hours]**. Although Defendant argues Plaintiff sought an "exemption" from the overtime requirement, conflicting evidence is that Plaintiff only intermittently used the alleged accommodation of FMLA leave to reduce the amount of overtime that he worked. **[Doc. 131 at 12; Doc. 131-1 at 18, p. 14; Doc. 131-2 at 4-5, 9, 10, 12, 13, 14, 21]**. Plaintiff has provided evidence that his doctor recommended he work no more than 48 hours per week. **[Doc. 131-1 at 21-22].** The record does not indicate whether the overtime requirement for Psych Tech supervisors required them to work unlimited overtime or any specific amount of overtime but, instead, establishes only a general requirement of willingness to do overtime work. **[Doc. 131-3 at 1-2, ¶¶ 4-5]**. Further conflicting evidence is presented as to whether Psych Tech Supervisors could be working part time and still working overtime shifts. **[Doc. 135-5 at 5; Doc. 135-6 at 2-3].** Although Defendant argues that the undisputed facts show Plaintiff was not otherwise qualified, the record shows a genuine issue of material fact on the qualified individual issue. *Est. of Beauford*, 35 F.4th at 1261.

Similarly, there are disputed issues as to whether Plaintiff requested a plausible accommodation. Plaintiff admits that he and his doctor may never have used the exact words

4

"reasonable accommodation." However, Plaintiff argues and a reasonable inference can be drawn from the record that his FMLA leave requests to his employer amounted to requests for accommodation. **[Doc. 131-1 at 9, 16]**. Further, the record shows factual confusion at the time of Plaintiff's fourth alleged "AWOL" on January 6, 2021. The record reflects factual disputes as to when Plaintiff's FMLA "years" started and ended, the status of his November 2020 request for future FMLA leave, whether his employer knew and/or acted on the status of his FMLA leave, and whether Plaintiff did or did not know he had no FMLA leave on January 6, 2021. **[Doc. 131-1 at 15, pp. 126-127; Doc. 131-1 at 17-18, pp. 134-138].** Again, genuine issues of material fact preclude summary judgment on this issue. Fed. R. Civ. P. 56(a). *Herrmann*, 21 F.4th at 674.

Although this case presents a close call, it is not the Court's role to weigh the evidence and decide the factual truth. *Matsushita Elec. Indus. Co.*, 475 U.S. at 587. Taking the evidence and drawing all inferences in favor of Plaintiff, the record presents genuine issues of material fact precluding summary judgment on Courts V and VI. Fed. R. Civ. P. 56(a).

**IT IS ORDERED** that Defendants' Motion for Summary Judgment **[Doc. 130]** is **DENIED.**

/s/
_____
WILLIAM P. JOHNSON
SENIOR UNITED STATES DISTRICT JUDGE