**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

HENRY GONZALES,

Plaintiff,

v. No. 1:22-cv-525-WJ-SCY

NEW MEXICO DEPARTMENT OF HEALTH,
d/b/a NEW MEXICO BEHAVIORAL HEALTH INSTITUTE,
a state governmental agency and
H.C. HAWKINS, Deputy Hospital Administrator,
ALBERTA LUCERO, Admissions Director and
KIMBERLY VILLANUEVA, FMLA Administrator,
each in their individual capacity,

Defendants.

**MEMORANDUM OPINION AND ORDER**
**GRANTING RENEWED MOTION FOR SUMMARY JUDGMENT**

**THIS MATTER** is before the Court on Defendants' Motion to Reconsider Under Fed. R. Civ. P. 54(b) **[Doc. 156]** and Renewed Motion for Summary Judgment **[Doc. 159].** The Court grants both Motions, grants summary judgment on Counts V and VI, and dismisses all remaining claims in this case, with prejudice.

On September 26, 2025, the Court entered its Memorandum Opinion and Order denying Defendants' Motion for Summary Judgment on the two remaining Counts V and VI based on the existence of genuine issues of material fact. **[Doc. 150]**. In the Memorandum Opinion and Order, the Court noted that the case "presents a close call." **[Doc. 150 at 5]**. The Court granted Defendants leave to renew their request for summary judgment on a more complete record and also granted Defendants leave to seek dismissal of Plaintiff's ADA claims based on failure to exhaust administrative remedies. **[Doc. 150 at 3, nt. 1].** Defendants have done both and seek summary judgment on Plaintiff's two final remaining claims in this case, Count V for failure to

accommodate in violation of the Americans with Disabilities Act (ADA) and Count VI for failure to accommodate under the New Mexico Human Rights Act (NMHRA), as well as dismissal for failure to exhaust. Finding that there are no genuine issues of material fact, the Court concludes that Defendants are entitled to summary judgment on Courts V and VI, that Plaintiff failed to exhaust administrative remedies as to Counts V, and dismisses those claims with prejudice.

## I. The Court Will Reconsider and Grant Summary Judgment on Counts V and VI.

### A. It is Undisputed that Plaintiff Requested Intermittent Leave and Defendant Accommodated the Request.

In its Memorandum Opinion and Order, the Court found there were disputed issues of fact as to whether Plaintiff Gonzales requested accommodation. **[Doc. 150]**. Specifically, the Court noted that although Gonzales admitted that he and his doctor never used the exact words "reasonable accommodation," Gonzales argued that a reasonable inference can be drawn that FMLA leave requests amounted to request for accommodation. **[Doc. 150 at 4, ¶ 3 -5, ¶ 1]**. However, Plaintiff admits that the accommodation he requested to meet the mandated overtime requirement of his job was intermittent leave so that he would not have to perform more than one mandated overtime shift per week. Plaintiff requested intermittent FMLA beginning in late 2018, through early 2020. With his requests, he provided Certificates of Serious Medical Condition completed by his health care provider. They were all substantially similar, and they sought FMLA to exempt him from working more than one (1) overtime shift per week, or no more than 48 hours per week total. Plaintiff was able to work up to 50 hours per week. **[Doc. 30 at ¶ 40; Exhibit 1 at 85:3 to 86:12; Doc. 131 at 5, ¶ 6].** This accommodation was a step the employer could take to remedy the employee's inability to perform the essential functions of their job. The requested accommodation restored the employee's ability to perform those essential functions. Here, the requested accommodation, to limit mandated overtime to 8 hours a week, was necessary for

Plaintiff Gonzales to meet that Defendant-admitted essential job function of mandated overtime. **[Doc. 135 at 7, Response to UMF 7].** The record is undisputed that the NMBHI did grant Plaintiff Gonzales the intermittent leave he sought under the FMLA so that he could be relieved from having to perform more than one overtime shift a week above his 40-hour a week work schedule. The record also shows that intermittent FMLA leave worked to accommodate Gonzales' need to limit his total weekly overtime from December of 2018.

Plaintiff argues that what he really needed was for NMBHI to modify his work schedule to a part-time work schedule. **[Doc. 135 at 18-19, § Arg II, ¶ 1** ("The accommodation Plaintiff Gonzales' needed to meet his job requirements despite his well-established mobility disability was reassignment to a Part-Time Psych Tech position.")**]**. But, as is set out, below, this is not the accommodation that Plaintiff requested. **[Doc. 135 at 9, ¶ 20].** The intermittent FMLA, once it was in place, was giving Plaintiff the relief he was requesting. **[Doc. 131-1 at 16, depo. p. 132:20-24].**

The only instances when intermittent FNLA did not work as an accommodation was when Plaintiff Gonzales failed to have the necessary paperwork submitted (August-October 2020) or attempted to use the FMLA leave for an absence that had nothing to do with his disability (January 6, 2021). **[Doc. 131-1 at 11, depo. p. 97:3-24].** Gonzales admitted in his deposition that he had no problem doing overtime between August-October of 2020 when asked to do overtime because he had not completed the required paperwork for recertifying his FMLA leave. **[*Id.* at 17, depo. pp 134:1-8; 134:23 - 135:14; and at 18, depo. p. 138:2-14].** Court has previously found that in January 2021, irrespective of whether Gonzales had FMLA leave available in this second instance, he was not invoking it for its intended use. **[Doc. 93 at 4 n.2]**. Thus, when Gonzales properly invoked intermittent FMLA leave so as to restrict his mandatory overtime to a single 8-hour shift

a week and had the required paperwork submitted, it is uncontroverted that NMBHI accommodated him.

In order to establish a *prima facie* case for failure to accommodate, Plaintiff Gonzales must show that NMBHI denied him the reasonable accommodation that he requested to limit his overtime, which was intermittent FMLA leave. *See Exby-Stolley,* 979 F.3d at 794 (noting that the third element of a *prima facie* case for failure to accommodate "is met by showing that 'an employer [did not] take reasonable steps to [accommodate the employee].'"). Because the undisputed facts show that NMBHI granted Gonzales' intermittent FMLA leave requests without fail when he requested them, and Gonzales admits this is the accommodation he needed and requested, the Court reconsiders and grants summary judgment on the ADA failure to accommodate claim. *Martinez v. Martinez*, No. CIV 09-0281 JB/LFG, 2013 WL 3270448, at *15–16 (D.N.M. June 3, 2013).

**B. <u>It is Undisputed That Plaintiff Did Not Request Reassignment.</u>**

The Court found in the Order denying the MSJ II that "conflicting evidence is presented as to whether Psych Tech Supervisors could be working part time and still working overtime shifts." **[Doc. 150 at 4, ¶ 2]**. The Court noted that this conflicting shows a genuine issue of material fact on the qualified individual issue." **[*Id.*]**. However, the evidence in the record, **[Doc. 135-6 at 2-3]**, establishes that there were no part-time Psych Tech Supervisor positions at NMBHI. The evidence at Doc. 135-5 at 5 does not controvert this evidence. Rather, the testimony in the record simply establishes that it would be possible under NMBHI policies for part-time employees who work more than 40 hours a week to receive health insurance and pension benefits. Whether part-time employees could perform overtime or whether they could receive benefits is not material here

because Gonzales' position was a full-time position that required he be able to perform overtime as needed.

The undisputed facts establish that Plaintiff's job as a Psych Tech Supervisor required that he be able to work overtime**. [Doc. 41 at 22, ¶ 9].** Gonzales argues that he could have been transferred to a part-time position and this would have represented a reasonable accommodation. However, it is undisputed that Gonales did not request such a transfer or reassignment as an accommodation at any time before he was terminated for a fourth incident in which he was absent without leave on January 6, 2021**. [Doc. 135 at 18-19, § Arg II, ¶ 1].**

If his failure to accommodate claim is predicated on allegations that NMBHI failed to accommodate him by reassignment, Plaintiff Gonzales bears the burden of production on the elements of that claim. *See McBride v. BIC Consumer Prods. Mfg. Co.,* 583 F.3d 92, 97 (2d Cir. 2009). Plaintiff has not presented any evidence that such a vacancy existed at NMBHI as he would have to do in order to establish a *prima facie* case that NMBHI failed to accommodate by reassignment. *See Donahue v. Consol. Rail Corp.,* 224 F.3d 226, 233–35 (3d Cir. 2000) (Alito, J.) ("[I]n a failure-to-transfer case, if, after a full opportunity for discovery, the summary judgment record is insufficient to establish the existence of an appropriate position into which the plaintiff could have been transferred, summary judgment must be granted in favor of the defendant—even if it also appears that the defendant failed to engage in good faith in the interactive process.").

In the instant case, to the extent that Gonzales requested an accommodation, the request he made as for intermittent FMLA leave (which allowed him to stay in his existing position of a full-time Psych Tech Supervisor) and the NMBHI approved his FMLA leave requests consistently. There was no need to consider reassignment as a potential accommodation when the leave he requested allowed him to remain in his existing job. Gonzales admits that he did not request

reassignment as an accommodation before he incurred his fourth and final AWOL. And, he has failed to identify a vacant position at NMBHI to which he could have been reassigned. Accordingly, the record demonstrates that Gonzales cannot meet his burden of production for a *prima facie* case of failure to accommodate by reassignment.

**II. Plaintiff Failed to Exhaust Administrative Remedies**

A plaintiff can bring an action in federal court pursuant to the ADA only after he has exhausted administrative remedies. *See Okoye v. Perez,* 2021 WL 6066696, at *4 (D.N.M. 2021), *report and recommendation adopted,* 2021 WL 5411062 (D.N.M. 2021). A party aggrieved by an unlawful employment practice has 180 days from the date of the alleged discriminatory act to file a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"). *See* 42 U.S.C § 2000e-5(e)(1). Under 42 U.S.C. § 2000e-5(e)(1) a charge must be filed within one hundred and eighty days after the alleged unlawful employment practice occurred, and filing a charge within the specified time period mandatory. In cases where a state agency has authority to enforce a law prohibiting the alleged discriminatory practice, a plaintiff can file the charge with the agency and the time frame for filing suit is then expanded to 300 days. 42 U.S.C. § 2000e-5(e)(1).

Filing an EEOC charge within the statutory time limit prescribed by 42 U.S.C. § 2000e-5(e)(1) is not a jurisdictional prerequisite to suit for federal discrimination claims. Rather, it is a procedural requirement that bars a plaintiff from bringing untimely claims. *See Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982) ("We hold that filing a timely charge of discrimination with the EEOC is not a jurisdictional prerequisite to suit in federal court, but a requirement that, like a statute of limitations, is subject to waiver, estoppel, and equitable tolling."). Thus, a defendant must assert failure to exhaust as an affirmative defense. *See Alabi v. Perdue*,

2020 WL 3035218, at *5 (D.N.M. 2020), *aff'd sub nom. Alabi v. Vilsack*, 860 F. App'x 576 (10th Cir. 2021) (noting that a defendant must raise administrative exhaustion as an affirmative defense and noting that the defendant did so by raising it in his answer and at summary judgment).

The same administrative exhaustion requirement to timely file a complaint of discrimination applies to suits for violation of the NMHRA, but in New Mexico the requirement *is* jurisdictional. *See Okoye*, 2021 WL 6066696, at *4 n. 7 (contrasting federal law and New Mexico law on this issue and noting that "under New Mexico law exhaustion is a jurisdictional prerequisite for NMHRA claims" and quoting *Mitchell-Carr v. McLendon*, 980 P.2d 65, 71 (N.M. 1999): "[T]he exhaustion of administrative remedies is a prerequisite to suit under the NMHRA, and a failure to exhaust administrative remedies may mean that the district court lacks subject-matter jurisdiction.").

The U.S. Supreme Court has advised that discrete acts of discrimination include such acts as "termination, failure to promote, denial of transfer, or refusal to hire." *Morgan,* 536 U.S. at 110. Similarly, the Tenth Circuit has held that a letter of warning followed by a suspension is a discrete act of discrimination that must be separately exhausted. *See Martinez v. Potter*, 347 F.3d 1208, 1211 (10th Cir. 2003). Federal district courts have noted that being marked AWOL is also a discrete act of discrimination. *See, e.g., Brown v. Paulson*, 597 F. Supp. 2d 67, 71 (D.D.C. 2009). Federal courts have also noted that denying a request for reasonable accommodation is a discrete act. *See, e.g., Johnson v. Norton Cnty. Hosp.,* 550 F. Supp. 3d 937, 957–58 (D. Kan. 2021)

The record shows that the three incidents when Gonzales was marked AWOL between August and September of 2020 occurred more than 300-days before Gonzales filed his NMHRB Charge. *See* **[Doc. 135, § IV, at 12-13, SUMF 1, at 17-18, SUMFs 16-19]**. The record is equally clear that the incidents when Gonzales spoke to supervisors or HR about needing an

accommodation for mandatory overtime at NMBHI's Tesuque facility (Hawkins and Berry / Villanueva) also occurred more than 300 days before he filed his NMHRB Charge. **[Doc. 135, § IV at 13, SUMFs 3-4, at 14-15, SUMFs 9-12]**.

Second, the case law is clear that when an employer marks an employee AWOL that is a discrete act for purposes of the 300-day charge filing deadline at 42 U.S.C. § 2000e-5; *Brown v. Paulson*, 597 F. Supp. 2d 67, 71 (D.D.C. 2009). Likewise, when an employer denies a request for a reasonable accommodation that also constitutes a discrete act for purposes of the 300-day charge filing deadline at 42 U.S.C. § 2000e-5. *Johnson v. Norton Cnty. Hosp.,* 550 F. Supp. 3d 937, 957–58 (D. Kan. 2021). Failing to initiate an interactive process or respond to a request for an accommodation altogether is treated the same as a formal denial of a request for accommodation for purposes of this 300-day charge filing deadline. *See Norton Cnty. Hosp.,* 550 F. Supp. 3d at 957–58.

Events occurring before October 21, 2020, are discrete acts and were required to be independently exhausted. It is also clear that alleged incidents where Gonzales' supervisors allegedly denied his requests for a reasonable accommodation between June 2020 and October 2020 bear no relation to the 4th AWOL on January 6, 2021. Plaintiff had FMLA on or past January 6, 2021, he was not entitled to use it for a non-medical absence.

NMBHI asserted failure to exhaust administrative remedies as an affirmative defense in its answer to Gonzales' Second Amended Complaint. *See* **[Doc. 96 at 115, § Affirmative Defenses,** ¶ 3]. Therefore, the Court must find that these acts are time-barred for purposes of Gonzales' ADA claim in Count V and cannot be used to support his failure to accommodate claim. *Fort Bend County, Texas v. Davis*, 139 S. Ct. 1843, 1849–52 (2019).

Further, the evidence does not support a claim for equitable tolling of the 300-day charge filing deadline. Gonzales cannot argue that the fact he was marked AWOL on three separate incidents in August and September of 2020 was hidden from him. He admits that the information was on his paystubs for those dates and he personally picked his paychecks up when they came out. **[Doc. 135, § IV at 17, SUMFs 18-19]**. Likewise, it is undisputed that Gonzales had FMLA intermittent leave at his disposal when he spoke to Hawkins and Villanueva about his disability, and he sought to recertify this leave to restrict his overtime while he was at Tesuque. **[Doc. 135, § IV at 13, SUMFs 3-4, at 14-15, SUMFs 8-10]**. Plaintiff admits this intermittent leave, which limited his weekly overtime to a single 8-hour shift, served to accommodate him while it was in place. The reason he did not have intermittent FMLA leave at his disposal between July 14, 2020, and October 8, 2020, was because he failed to submit the recertification paperwork to Villanueva. **[Doc. 135, § IV at 15-17, SUMFs 13-15]**.

Plaintiff's failure to meet the 300-day charge filing deadline bars his ADA claims and the Court lacks jurisdiction to consider these acts as part of Gonzales' NMHRA claim for failure to accommodate in Count VI. **[Doc. 135,** § III at 8, ¶ 3**]**; *Okoye*, 2021 WL 6066696, at *4 n. 7; *Mitchell-Carr v. McLendon*, 980 P.2d 65, 71 (N.M. 1999).

**III. The Court Will Grant Summary Judgment on Plaintiff's Hostile Work Environment Claims.**

Plaintiff Gonzales claims that he was subjected to a hostile work environment. In order for a plaintiff to establish a hostile work environment claim under Title VII, the ADEA and the ADA, the work environment must be both objectively and subjectively hostile." *Okoye,* 2021 WL 6066696, at *5. The environment must be one that a reasonable person in the plaintiff's position would find hostile or abusive, and one that the victim did in fact perceive to be so. *Okoye*, 2021 WL 6066696, at *5. To determine whether a plaintiff's hostile work environment claim meets this

objective standard, the Court examines the totality of the circumstances, including: "(1) the frequency of the discriminatory conduct; (2) the severity of the conduct; (3) whether the conduct is physically threatening or humiliating or a mere offensive utterance; and (4) whether the conduct unreasonably interferes with the employee's work performance." *Okoye*, 2021 WL 6066696, at *5.

The plaintiff bears the burden of presenting evidence to establish each element of his ADA hostile work environment claim. *See Brader v. Biogen, Inc,* 983 F.3d 39, 60 (1st Cir. 2020). The Court's role in reviewing a hostile work environment claim "is to determine if the plaintiff has put forth sufficient evidence to distinguish between the ordinary, if occasionally unpleasant, vicissitudes of the workplace and actual harassment." *Id*. (internal citations omitted); *see also MacKenzie v. City and County of Denver,* 414 F.3d 1266, 1280 (10th Cir. 2005) (noting that the U.S. Supreme Court has directed courts to filter out hostile work environment complaints that attack "ordinary tribulations of the workplace").

In this case, Plaintiff has not met his burden to establish a hostile work environment. Plaintiff admits that he "was not slurred, he was not ridiculed" when he worked at the NMBHI Tesuque facility. **[Doc. 135, § Arg. I, at 13, ¶ 2 – 14, ¶ 1]**. Although he was not subjected to disparaging comments based on his disability, Plaintiff insists that he was subjected to weekly requests that he perform overtime by supervisors who were aware of his disability. **[Doc. 135, § Arg. I, at 13, ¶ 2 – 14, ¶ 1]**). However, these weekly requests that Gonzales perform overtime do not rise to the level of abusive conduct and harassment needed to establish an objectively hostile environment.

Although evidence that an employer failed to respond to a request for reasonable accommodation over a prolonged period of time could serve as supporting evidence for a hostile work environment claim. But it would have to be coupled with other evidence of discriminatory

animus or harassment targeting Gonzales based on his disability. *See Floyd v. Lee*, 85 F. Supp 482, 517 (D.D.C. 2015) (noting that when a jury reviews a hostile work environment claim, "the jury can weigh a wrongful denial of accommodation *alongside evidence of other harassment*, and that other evidence can augment the weight of the denial by suggesting discriminatory animus."). However, Plaintiff has not pointed to any evidence of other harassment.

Additionally, although Gonzales characterizes the repeated requests that he perform overtime as "harassment", his own admissions belie any claim that he subjectively perceived his work environment to be hostile at this time. For example, Gonzales admits that he had no problem performing overtime in the late summer and early fall of 2020 when he was asked to do so given that he had let his FMLA leave. **[Doc. 135, § IV at 17, SUMF 16]**. Also, Gonzales admits that, when he had FMLA intermittent leave in place, it was working to accommodate his disability so he could perform his job. **[Doc. 135, § IV at 18, SUMF 21]**.

It is undisputed that the Gonzales was recertified for FMLA intermittent leave beginning on October 9, 2020, and extending into January of 2021, and he used his leave to restrict his weekly overtime. **[Doc. 135, § IV at 16-17, SUMF 15]**. Additionally, even if Gonzales perceived his supervisors' weekly requests that he perform overtime to be abusive, he cannot show that his supervisors subjected him to these requests because he was disabled. The undisputed facts show that these requests were directed at one and all Psych Techs and Psych Tech Supervisors based on staffing shortages at the NMBHI's Tesuque Unit. **[Doc. 135. § IV at 13-14, SUMFs 5-7]**. The attempts to get Gonzales to perform overtime appear to be nothing more than "ordinary tribulations of the workplace" that courts are supposed to filter out of hostile work environment complaints. *See MacKenzie*, 414 F. 3d at 1280 (noting that the U.S. Supreme Court has directed courts to filter out hostile work environment complaints that attack "ordinary tribulations of the workplace").

Lastly, to the extent that the conduct that forms the basis of Gonzales' hostile work environment claims is simply that NMBHI failed to accommodate him, this alleged lack of accommodation cannot constitute severe or pervasive harassment. NMBHI did not fail to accommodate Gonzales. **[Doc 156 at10-19, § Arg. A and B]**. Thus, Gonzales cannot base his hostile work environment claim on an allegation that the NMBHI intentionally refused to accommodate his disability. *See Floyd v. Lee*, 85 F. Supp at 519 ("Because the Court grants summary judgment on Ms. Floyd's failure-to-accommodate claim… she cannot rely on the denial of accommodation to support her hostile work environment claim. Put differently, if a plaintiff could not prevail on a standalone failure-to-accommodate claim, the same alleged lack of accommodation could not constitute 'severe or pervasive' harassment for purposes of a hostile work environment claim."). The Court, therefore, grants summary judgment on the hostile work environment claims.

**IT IS ORDERED** that Defendants' Motion to Reconsider Under Fed. R. Civ. P. 54(b) **[Doc. 156]** and Renewed Motion for Summary Judgment **[Doc. 159] are GRANTED** and Counts V and VI of Plaintiff's Complaint are **DISMISSED with prejudice.**

/s/
WILLIAM P. JOHNSON
SENIOR UNITED STATES DISTRICT JUDGE